**Qi Zhong ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4593–AGNAC.**

United States Court of Appeals,
Second Circuit.

Feb. 28, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Zhong Zheng petitions for review of the BIA order denying a motion to reopen a February 2003 BIA decision affirming an immigration judge's ("IJ") denial of Zheng's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The BIA denied Zheng's motion as exceeding the time and numerical limits imposed on motions to reopen. An alien is generally limited to one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must generally be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish one of four limited exceptions. *See* 8 U.S.C. § 1229a(c)(7) (2005); 8 C.F.R. § 1003.2(c)(3) (2005). One such exception, the only one applicable here, is where the alien can establish "changed circumstances arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1).

Zheng's motion to reopen, his third, was filed on June 29, 2004, a full 16 months after the BIA dismissed the underlying appeal on February 26, 2003, and therefore significantly outside the time limit. The BIA rationally concluded that although Zheng's evidence, a fine receipt, was newly issued, the IJ had already considered his claim that he would be persecuted for his failure to pay the family planning fine. As such, the BIA did not abuse its discretion in determining that Zheng's third motion to reopen did not fall within any recognized exception to the time and numerical limitations. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (holding that this Court reviews denials of motions to reopen for abuse of discretion, which may be found where the BIA "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).